IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODDIE MELVIN,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Roddie Melvin ("Plaintiff" or "Mr. Melvin"), by and through undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant Federal Express Corporation's ("Defendant" or "Federal Express") violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* (hereinafter "Section 1981").

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

3.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## **PARTIES**

4.

Plaintiff is a male citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant Federal Express Corporation was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant Federal Express may be served with process by delivering a copy of the summons and complaint to its registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040.

## FACTUAL ALLEGATIONS

7.

Plaintiff began working for Defendant on September 22, 1983.

8.

In 1998 Plaintiff became a Managing Director.

9.

In or about March 2015, Plaintiff expressed interest in applying for a VP position with Federal Express.

10.

Plaintiff was denied the opportunity to apply for the VP position by SVP Mike Pigors, who claimed that Plaintiff was "not the right 'fit' for this position."

11.

A White male, Joseph Stephens, was ultimately awarded the VP position.

12.

Plaintiff was told by internal sources that the Southern Region was "too dark."

13.

Plaintiff was also told that the Southern Region had been referred to as the "Jungle Region."

14.

At the time, all of the Southern Region AGFS Managing Directors were African-American.

15.

In April 2016, Mr. Stephens became Plaintiff's Manager.

16.

Mr. Stephens singled Plaintiff out, holding him accountable for things that other Managing Directors were not held responsible for.

17.

Prior to Mr. Stephens becoming Plaintiff's Manager, Plaintiff had received only two disciplinary letters in his thirty-one (31) year career with Federal Express.

18.

Plaintiff was subjected to disciplinary action three times between April and October 2016, including a suspension on October 27, 2016, for suspicion of policy violations.

19.

On November 2, 2016, Plaintiff emailed Human Resources, complaining of race discrimination, harassment and retaliation by Mr. Stephens.

20.

Plaintiff was terminated the following day, on November 3, 2016.

21.

Despite Mr. Melvin's complaints about the race-based discrimination and harassment, no corrective action was taken.

22.

Despite Mr. Melvin's complaints, Defendant did not remedy the racial discrimination.

23.

Defendant did not investigate Mr. Melvin's complaints of race-based discrimination and harassment.

24.

Instead of taking corrective action, Defendant terminated Plaintiff's employment.

25.

Although Defendant Federal Express Corporation purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

26.

Others outside of the Mr. Melvin's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATION OF 42 U.S.C. § 1981

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

29.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

30.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

31.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

32.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

34.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Plaintiff engaged in protected conduct when he complained about race-based discrimination and harassment.

37.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

38.

There was a causal connection between the protected conduct and the adverse action.

39.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

40.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant have violated Plaintiff's statutory rights;

(h)      Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which he may be entitled.

Respectfully submitted the 3rd day of March, 2017.

                              **BARRETT & FARAHANY**

                              /s/ Taylor J. Bennett
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Taylor J. Bennett
                              Georgia Bar No. 664063

                              *Attorneys for Roddie Melvin*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
taylor@justiceatwork.com